UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LEON LAGANDEAN a/k/a LEON BARNES,

                        Plaintiff,

       -against-

SERGEANT SCOTT WATERS; CORRECTION OFFICERS CHAD BESCHLER; BRIAN ENO; JUSTICE JONES; DEREK EVANS; ZACHARY SIMPSON; DANIEL MOOSE; JESS PAUCKE,

                      Defendants.

------------------------------------------------------------------------ x

FIRST AMENDED COMPLAINT

Docket No. 21CV6200(CJS)(MJP)

ECF CASE

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief for the violation of his rights under the Eighth and Fourteenth Amendments secured by 42 U.S.C. §1983.

2. The claim arises from an incident dated October 20, 2018 in which Plaintiff was unlawfully assaulted by correction officers without justification or any legitimate penological purpose while in the custody of the New York State Department of Correctional Services ("DOCCS") at Elmira Correctional Facility.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 28 USC §1331 and 42 USC §§1983 and 1988.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Western District of

New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Western District of New York.

## PARTIES

7. Plaintiff Leon Barnes was in the custody of the DOCCS at Elmira Correctional Facility at all relevant times herein. He is no longer incarcerated.

8. Defendants Sergeant and Correction Officers were employees of DOCCS working as correction officers at Elmira Correctional Facility at all times here relevant and were acting in the capacity of agents, servants and employees of the State of New York, and acting under color of state law. Each Defendant cause/participated or failed to intervene in the assault on the Plaintiff.

9. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York. Each defendant is sued in his individual capacity.

## FACTUAL ALLEGATIONS

10. During the late morning on or about October 20, 2018, Plaintiff was asleep in his cell at Elmira Correctional Facility.

11. He woke up to find the front gate of his cell on fire. He began to scream for help.

12. Officers arrived at the scene quickly and put out the fire with a fire extinguisher.

13. The cell door was then opened and Plaintiff was escorted out of his cell and just outside the company by numerous officers, including Defendant Officers.

14. As he was being led out, one of the officers was screaming at him demanding to know why he set the fire. Plaintiff responded that he did not set the fire.

15. Just as he exited the company, Plaintiff was punched by one of the Defendant officers. Plaintiff stepped back due to the punch. The same Defendant Officer then stepped towards Plaintiff and attempted to punch him again. The other Defendant Officers stood by without attempting to intervene or in any way prevent the unlawful attack on Plaintiff.

16. Since no other officers tried to prevent the attack, Plaintiff had no choice but to try to defend himself. He punched back at the Defendant Officer who was attacking him.

17. At that point all the Defendant Officers joined in the attack. He was punched, struck with batons, and one hit him with the fire extinguisher.

18. In the course of the attack Plaintiff passed out. When he came to, he realized he was one flight down on the "flats". He also realized he was handcuffed and shackled. Despite being cuffed and shackled, the Defendant Officers continued to assault him.

19. The Defendant Officers were demanding that he walk but he was having trouble standing up and walking due to the beating. They dragged him to an elevator.

20. Once on the elevator, he was beaten again. This time the beating was initiated by Defendant Sergeant Waters, who punched him in the back of the head.

21. He was taken to the medical clinic where he was repeatedly threatened by the Defendant Officers. He realized he had been pepper sprayed at the clinic. He was seen by medical staff.

22. He was falsely charged with setting the fire on the door of his cell and for assaulting correction officers.

23. Plaintiff exhausted all administrative remedies available to him.

24. At all times during the events described above, the Defendant Correction

Officials were engaged in a joint venture and formed an agreement to violate Plaintiff's rights. They assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of each other against Plaintiff.

25. During all of the events above described, Defendants acted maliciously, with deliberate indifference, and with intent to injure Plaintiff.

## DAMAGES

26. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

   a. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

   b. Violation of his right under the Eighth Amendment to be free from cruel and unusual punishment;

   c. Serious physical pain and suffering that is ongoing, including but not limited to fractures to his vertebrae;

   d. Emotional trauma and suffering, including fear, emotional distress, frustration, fright, horror, grief, depression, loss of sleep, and increased levels of anxiety.

## FIRST CAUSE OF ACTION
(Violation of Plaintiff's Eighth Amendment Right under the Constitution of the United States to be free from Cruel and Unusual Punishment)

27. The above paragraphs are here incorporated by reference.

28. Defendants acted under color of law and conspired to deprive Plaintiff of his

civil, constitutional and statutory rights to be free from cruel and unusual punishment under the Eighth Amendment when Defendants assaulted him.

29. Defendants acted with malicious intent and/or deliberate indifference and failed to protect him from substantial risk of harm to his person and are liable to Plaintiff under 42 U.S.C. §1983.

30. Plaintiff has been damaged as a result of defendants' wrongful acts.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

A. In favor of Plaintiff in an amount to be determined by a jury for Plaintiff's causes of action;

B. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

DATED: August 19, 2021
New York, New York

TO: Defendants, Elmira Correctional Facility

Respectfully yours,

By: Leo Glickman
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
5030 Broadway, Ste. 652
New York, NY 10034
(718) 852-3710
lglickman@stollglickman.com