UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LEON BARNES a/k/a LEON LAGANDEAN,

      *Plaintiff,*

  v.

LIEUTENANT SCOTT WATERS et al.,

      *Defendants.*

_____

**ORDER DISMISSING ACTION**

Civ. No. 21-cv-6200

The Court having set the above-captioned case for trial in Rochester, New York, commencing at 9:00 a.m. on July 27, 2026; and counsel for all parties, and Defendants having duly appeared; and Plaintiff having failed to appear;

Now, therefore, in consideration of the procedural history of this action as set forth in detail in the transcript of the proceedings held on Monday, July 27, 2026, and related documents, annexed to this Order as "**Attachment A**"; and in the interest of the conservation of the resources of the judiciary as well as those of the parties, and pursuant to the Court's inherent power to manage its docket;

Now, therefore, this matter is Ordered to be, and hereby is, **DISMISSED WITH PREJUDICE**.

Dated: July 31, 2026

_____
**HON. CHARLES J. SIRAGUSA**
**UNITED STATES DISTRICT JUDGE**

# ATTACHMENT A

```
UNITED STATES  DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------x        21-CV-6200(CJS-MJP)
LEON LAGANDEAN, also known as,
Leon Barnes,
                    Plaintiff,

vs.
                                       Rochester, New York
SERGEANT SCOTT D. WATERS, et al.,      July 27, 2026
                    Defendants.        8:55 a.m.
------------------------------x
```

**JURY TRIAL**

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE CHARLES J. SIRAGUSA
UNITED STATES DISTRICT JUDGE

FOR PLAINTIFF:        STOLL, GLICKMAN & BELLINA, LLP
                      BY:  LEO GLICKMAN, ESQ.
                      300 Cadman Plaza West
                      12th Floor
                      Brooklyn, New York 11201

FOR DEFENDANT:        OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL
                      BY:  KYLE WILLIAM STURGESS, AAG
                      BY:  ZACHARY TYLER NELSON, AAG
                      144 Exchange Boulevard
                      Suite 200
                      Rochester, New York 14614

COURT REPORTER:       Diane S. Martens
                      dmartensreporter@gmail.com

2

Lagandean v. Waters, et al - 21-CV-6200

P R O C E E D I N G S

\*            \*            \*

(Open court:)

**THE COURT:** For the record, this is the matter of *Lagandean v. Waters, et al.*

The Court notes the presence of Mr. Glickman who's representing Mr. Lagandean.

Mr. Sturgess and Mr. Nelson who are representing the defendants.

And it's my understanding that is it now Lieutenant Waters?

**DEFENDANT WATERS:** Yes, sir.

**THE COURT:** Lieutenant Waters.

If memory serves me correctly, it's now Sergeant Beschler; is that correct?

**DEFENDANT BESCHLER:** Yes, sir.

**THE COURT:** We have Corrections Officer Jones?

**DEFENDANT JONES:** Yes, sir.

**THE COURT:** Corrections Officer Evans?

**DEFENDANT EVANS:** Yes, sir.

**THE COURT:** Is it Corrections Officer Simpson?

**DEFENDANT SIMPSON:** Yes, sir.

**THE COURT:** Corrections Officers Moose.

**DEFENDANT MOOSE:** Yes, sir.

3

Lagandean v. Waters, et al - 21-CV-6200

**THE COURT:** And Corrections Officer, how do you say it, Paucke?

**DEFENDANT PAUCKE:** Paucke.

**THE COURT:** Obviously Mr. Lagandean is not here.

So it would be the Court's intent to dismiss this case with prejudice.

However I just want to recount on the record the rather tortured history of this case.

And I will direct, Mr. Sturgess and Mr. Nelson, I want you to prepare an order. Attach the documents to which I refer and settle the order with Mr. Glickman.

Early on in this case when it was assigned to me, my recollection is we did have a phone conference at which Mr. Lagandean participated. The Court always states the opportunity, if it's presented, to try to settle the case. And that conference I did reference to Mr. Lagandean that it was my understanding that the demand had been 25,000. He stopped me and said the demand was now 500,000. When I did discuss with him the cost of litigation -- in other words, it's my understanding he lived in New York City he would have to come down here, get a hotel, make arrangements -- he did indicate that he was an electrician and making money and did not seem to be concerned about the expense. I think I indicated that's fine. I set it down for trial.

We did set it down for trial the first time.

4

Lagandean v. Waters, et al - 21-CV-6200

Unfortunately, I know that Mr. Glickman had an unexpected issue, eye issue. We did adjourn it.

Second adjournment I allowed for a week for the trial because that was the discussion. When it became apparent that it wouldn't be tried in a week, we did adjourn it again. As it turned out, if memory serves me correctly, there was a major snowstorm in New York City in any event at the time we scheduled, so no one would have gotten out of New York City in any event.

We did reschedule it. I think the next time we rescheduled it was for April 22nd, 2026. However, Mr. Glickman, you did indicate that you had an unexpected election law matter that had to be dealt with. You know, the Court is always mindful of private counsel, you've got to earn a living and pay the bills. So this Court did again, with no objection from Mr. Sturgess, we did grant another adjournment and we set it down for trial on this date.

In any event, shortly after the trial was adjourned we did schedule it. Although, Counsel, we did indicate it would be eight days, I did allow one extra day and we scheduled it to begin on the 27th, today.

Then Ms. Allen did receive an email from Mr. Glickman on July 14th, what, 13 days before the trial was supposed to start that read as follows:

"Hello Kathy. First, opposing counsel Kyle Sturgess

5

Lagandean v. Waters, et al - 21-CV-6200

consented to me reaching out ex parte.

"My client called me this morning to tell me that he was on his way to a psychiatric emergency room with his aunt.  He was hallucinating and irrationally paranoid.

"He just called me again this afternoon to say that the doctors wanted to keep him in the hospital but he refused. He would not take any medication from them or advice because he cannot trust them either.

"I asked him if he is in shape to do the trial or if I should ask for an adjournment.  He said he's not sure.

"To be frank with the court, my client is in no mental condition to prepare for trial and be at trial and at this moment in time I do not even want to be in a room with him. Though he's not aggressive, he is speaking completely irrationally and acting unpredictably from what his aunt told me.

"I know the court has indulged two prior requests, both on my account.  Personally I have been planning and preparing for trial.  We have filed pre-trial materials, been in touch with witnesses, and would otherwise be ready to go on the 27th.  However, because of the situation I am finding it necessary to ask the court for another one to see if he can straighten out mentally.

"Please forgive me for doing so by email but I did not want to put this on a public docket.

6

Lagandean v. Waters, et al - 21-CV-6200

"Let me know that you received this, and thank you very much."

The long and short of it is I did issue an order for a pretrial conference. I did indicate in that order that failure of Mr. Lagandean to appear "may" result in dismissal of the case.

Mr. Glickman made the journey to Rochester. We did hold that pretrial conference and we discussed certain things.

One of the things the Court brought to counsel's attention was that the test for competency to testify is significantly less than competency, for example, for a criminal defendant at trial. Although I did recount cases that essentially indicated if a witness had the ability to testify from personal knowledge, could recall the events, and could understand the need for testifying truthfully, then they would be competent to testify despite any mental issues. Mr. Glickman offered that he did think that his client certainly could meet that test for competency.

I did discuss, however, and cited this case, Second Circuit case at *Ferrelli v. River Manor Health Care*, 323 F.3d 196. I discussed it in the context of if Mr. Glickman felt that his client didn't meet this threshold, he could certainly bring a formal motion to adjourn the trial which the Court would consider. But based on this case, I pointed out that merely bizarre conduct, as some might

7

Lagandean v. Waters, et al - 21-CV-6200

characterize as bizarre conduct, would not meet the test and I would be looking for some type of medical documentation.

In addition to indicating that he felt his client could meet the test for competency pursuant to, I think it's 601, pursuant to the Federal Rules, that it would be impossible to get medical records on short notice from Brooklyn. In any event, no motion was forthcoming by the deadline which was that Wednesday at, I think, 12 p.m.

We did discuss in Court, as well, another order for a pretrial conference on Friday of that week. This one I did issue indicating that if Mr. Lagandean did not show, then the case "would" be dismissed against him. However, again, mindful of private counsel who's got to pay their bills, I did not want Mr. Glickman to have to journey here if it was obvious the case would go. In that regard, I did receive this email from Mr. Glickman on July 22nd.

"Good afternoon, Judge, Kyle and Kathy. I have met with my client today. He represents that he will certainly appear on Monday morning. He was acting in a very reasonable manner today.

"Under the circumstances, my request is that we could go forward Monday and not hold the conference on Friday. I appreciate the court's consideration about this and the fact that it would involve seven hours of driving round trip, and I am under a time crunch with this trial! So thank you for

8

Lagandean v. Waters, et al - 21-CV-6200

your consideration."

I did respond thanking Mr. Glickman for betting back to me.  "Based on your representation, the pretrial conference scheduled for this Friday is canceled.  We will commence the trial at 9:00 am on Monday July 27, 2026.  It is my understanding that counsel have indicated to Ms. Allen that this case should take no longer than eight days to try."

We anticipated that we would go forward.  However, two days later, on July 24th, I did get this email from Mr. Glickman:

"I just spoke to my client and to be totally frank, I really did not understand him.  But he did say that the court has not jurisdiction over him and any other man and he will not be at the trial.  He asked me to tell the people of Rochester that God and judgment are coming, and he was saying things like that.

"He also said he wants no money.

"Your Honor, if I may make a suggestion.  This is truly in the spirit of reducing the cost and inconvenience of the 50 jurors that get called, I am just about fully prepared to go forward on Monday, so there is no issue with that.  The suggestion is this, we make Monday a pretrial conference, I cannot imagine he will appear, and you can make any decision you would make at that point."

Though I certainly appreciated Mr. Glickman's

9

Lagandean v. Waters, et al - 21-CV-6200

suggestion, I wrote back -- emailed back:

"Mr. Glickman, while I appreciate your situation and candor, the request to adjourn the trial in favor of another pretrial conference, is denied.  As we discussed at our last court conference, which Mr. Lagandean declined to attend, despite being ordered to do so, this is the fourth time this matter has been scheduled for trial.  At our court appearance, I advised counsel based upon my research that, despite what could be characterized as bizarre conduct on the part of Mr. Lagandean, as reported by you, Mr. Glickman, as long as he had personal knowledge of the events involved in the lawsuit, the ability to recall them, and the understanding of the duty to testify truthfully, he would be competent to testify.  However, I did give you the opportunity to bring a formal motion to adjourn the trial.  None was forthcoming, presumably because, as you offered in court, you believed that Mr. Lagandean was indeed competent to testify.  More recently on Wednesday, July 22nd, 2026, you wrote, 'He represents that he will certainly appear on Monday morning.  He was acting in a very reasonable manner today.'  Should I take your suggestion about pretrial conference" -- I pose this question -- "what happens if Mr. Lagandean decides to show up?  Since, as you have represented, he's clearly not amenable to settlement discussions, the only recourse would be to schedule the matter for trial a fifth time.  Enough is

10

Lagandean v. Waters, et al - 21-CV-6200

enough.  If he fails to appear, I will dismiss the case with prejudice and assess the cost of summoning a jury panel against him personally."

I should add, too, Mr. Glickman was kind enough to offer that when Mr. Lagandean was admitted to the -- I can't remember the Brooklyn mental.

**MR. GLICKMAN:**  Brooklyn hospital.

**THE COURT:**  Whatever, whatever -- he was advised to take medicine which he refused to do.

As I pointed out in court there's no vehicle for a court to demand that a civil litigant be forcibly medicated.  So I did reference that this could be a continuing problem up and down, one day he's good and one day he's not.

So based on all these considerations, I think the only recourse -- in fairness to the defendants as well; they're all here today -- is to dismiss the case with prejudice.

So what I'm going to ask you to do, Mr. Sturgess, is to prepare such order, settle it with Mr. Glickman.  The Court will sign it.

I will issue a, for what it's worth, I'll issue a separate order assessing the costs against Mr. Lagandean, although the Court understands it may be a fool's quest, probably never going to pay it.  But absent, understandably, the inconvenience of the jury here as I mentioned, if he showed up, you know, if I didn't have the jury here and he

11

Lagandean v. Waters, et al - 21-CV-6200

showed up, we'd be scheduling it for a fifth time which, again, I'm not going to do.

I appreciate, Mr. Glickman, your candor. Sorry you had to drive here a number of times. We'll note this on the docket. You can certainly provide it to Mr. Lagandean although I don't know if he's even communicating with you at this time.

Any other points we need to make, Counsel?

**MR. GLICKMAN:** No, your Honor.

**MR. STURGESS:** None from the defendants, your Honor.

**THE COURT:** All right. Once you submit that order, attach a copy of this transcript which kind of recounts everything and the Court will dismiss it with prejudice.

Mr. Glickman, have a safe trip back to New York.

**MR. GLICKMAN:** Thank you, your Honor. And if I just may for a moment, I just would like to apprize the Court that, you know, my first obligation is to my client but I am also an officer of this court and everything. I fear that I may have communicated a little too much too early but it was in the spirit of trying to --

**THE COURT:** And for the record, from my point of view, you did not in any way breach confidences. There's certainly an obligation to the Court and the effective administration of justice. I don't see that there is -- from my point of view, you did absolutely everything you should. I don't see

12

Lagandean v. Waters, et al - 21-CV-6200

any other way you could have handled it honestly.

**MR. GLICKMAN:**  I appreciate that, your Honor, thank you.

**THE COURT:**  In any event, thank you, Counsel.

**MR. STURGESS:**  Thank you, your Honor.

**THE COURT:**  After counsel leave, we'll bring in the jury and I'll just explain the everybody's free to leave the courtroom.  What I'm going to do now is just bring in the jury.  It will be good news bad news.  They had to come down thank you but they don't have to stay.

So thank you, Counsel.

**(WHEREUPON,** proceedings adjourned.)

13

Lagandean v. Waters, et al - 21-CV-6200

*          *          *

CERTIFICATE OF REPORTER

In accordance with 28, U.S.C., 753(b), I certify that these original notes are a true and correct record of proceedings in the United States District Court of the Western District of New York before the Honorable Charles J. Siragusa on July 27, 2026.

S/ Diane S. Martens

Diane S. Martens, FCRR, RPR
Official Court Reporter

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

LEON LAGANDEAN a/k/a LEON BARNES,

                Plaintiff,

-vs-

SERGEANT SCOTT D. WATERS, C.O.
CHAD BESCHLER, et al.,

                Defendants.

**<u>PRE-TRIAL ORDER</u>**

21-CV-6200-CJS

### A.    <u>SCHEDULE</u>

1.    The trial of the above-captioned case will begin on **Monday, November 17, 2025[1] at 9:00 a.m.**  This is a day-certain trial date which will not be adjourned except for the trial of criminal cases which take precedence pursuant to 18 U.S.C. § 3161.

2.    Unless otherwise indicated, each side must provide the materials referenced in Parts B and C of this Order by November 3, 2025, at 5:00 p.m. to the Court and opposing counsel. Material (with the exception of exhibits) must also be submitted to the Court via electronic means in Word Perfect or Word compatible format to kathy_allen@nywd.uscourts.gov.

3.    Unless otherwise indicated, the daily court session will proceed as follows: Monday 9:00 a.m. - 12:30 p.m. (morning session); 12:30 p.m. - 1:30 p.m. (lunch); 1:30 p.m. - 4:00 p.m. (afternoon session); recess at 4:00 p.m. Tuesday, Wednesday, Thursday, and Friday: 9:00 a.m. – 1:00 p.m.

---

[1] The trial is anticipated to be completed by November 21, 2025.

4.      Once a jury has been selected, time permitting, we will proceed directly with opening statements and the presentation of evidence.

5.      The parties are responsible for having witnesses available as needed. The Court will take witnesses out of turn to accommodate witnesses.

6.      Before the close of each day's session, counsel must advise the Court, and the opposing lawyer of those witnesses expected to be called the following day.

7.      It is expected that we will maximize jury time as much as possible. In this regard, counsel should be prepared to begin proof each day at the time the jury is scheduled to report. It is the burden of counsel to anticipate problems and notify the Court, so that time can be set aside when the jury is not present to resolve any issues.

## B.      **JURY SELECTION: PROCEDURE and MATERIAL**

1.      Method:

a.      Concerning jury selection, the parties should be familiar with Local Rule 47.1. The Court will use the "struck jury system" as described in Local Rule 47.1, there will be no "alternate" jurors, and all jurors selected will participate in the verdict.

b.      The Court will limit peremptory challenges as provided in Local Rule 47.1; 28 U.S.C. §1870.

c.      Plaintiff's counsel will exercise peremptory challenges first by writing the name and number of the juror on the strike sheet that will be provided. The strike sheet will then go to the defendant who will make his or her own strike by writing the name

2

and number of a juror. The strike sheet will then come to the Court who will announce the jurors that have been excused.

        d.    If you do not exercise a challenge during a particular round, you lose only that peremptory challenge and you may make other peremptory challenges in later rounds against anyone in the box.

    2.    The Court will conduct the entire voir dire, and counsel will not be permitted to ask questions.

    3.    Voir Dire Material - Each party must prepare a document entitled "Voir Dire Information" containing the following material: (Each page must be three-hole-punched for insertion into a notebook and each item of information must be on a separate sheet.)

        a.    A short description of the case to be read to the jury to identify the case and the claims and defenses at issue.

        b.    The full name and address of the client. Include here the name of any corporate representative that intends to appear at trial for the client.

        c.    The full name and address of counsel, including assistants.

    4.    The parties shall also prepare a list of prospective witnesses that are expected to be called at trial, including adverse party witnesses. A copy of this list must be provided to the court reporter at the commencement of trial. Also list here witnesses that you intend to introduce by reading depositions. Indicate that the witness will be a "deposition witness." For proper identification to the jury and for use by the Court, this list, which must be on a separate sheet of paper, should include:

a)  The full name of the witness.

b)  The occupational association of the witness, e.g., FBI, Eastman Kodak Company, Delta Laboratories, etc.

c)  The address of the witness.

d)  A short summary statement (one or two sentences) of the general subject matter expected to be covered by the witness.

5.  A list of proposed questions you wish the Court to ask the jury on voir dire.

## C.  TRIAL PROCEDURE and MATERIAL

1.  Exhibits and Exhibit List:

a.  Each party must prepare an exhibit list containing those exhibits that the party anticipates introducing in its direct case.  These lists must be prepared on forms supplied by the Clerk's Office and must contain a brief description of the proposed exhibit.

b.  All exhibits shall be denominated by numbers and letters.  Plaintiff shall use numbers. Defendants shall use letters.

c.  Each exhibit must be physically tagged with the appropriate colored sticker (pink/red for plaintiff; blue for defendant and third-party defendant), and each exhibit must be physically numbered prior to commencement of trial.

d.  A complete copy of the exhibit list must be given to the court reporter at the commencement of trial.

4

e.    Parties do not have to mark for submission, pursuant to paragraph A. 2., those exhibits that may only be used on cross-examination for impeachment of a witness or to refresh the recollection of any witness.

f.    Except for good cause, the Court will not allow introduction into evidence of exhibits unless they are listed on the exhibit list submitted pursuant to paragraph A. 2.

g.    Copies of each documentary exhibit, photograph, chart or other paper must be duplicated for the adverse party and exchanged at the pre-trial conference unless the proponent certifies that the document has already been copied or exchanged during discovery, or if the document cannot be copied, that it be available for inspection.

h.    In any trial where a party marks more than fifty (50) documentary exhibits, an exhibit book must be prepared containing copies of the exhibits. This book will consist of a three-ring binder with tabs for each exhibit. The proponent must prepare a binder for each party, the Court, and a binder for use of witnesses on the stand.

2.    <u>Expert Testimony</u>:

a.    The identity of all experts that will be called as witnesses must be provided to the Court. The proponent must also provide a brief summary of the ultimate opinions that will be rendered by the expert.

b.    The testimony of experts will be limited to the opinions and the grounds for each opinion set forth in answers to expert interrogatories. See, Fed.R.Civ.P. 26(a)(2)(B). The parties are responsible for taking steps to supplement any expert interrogatories to be in full compliance with this Rule.

5

3.   Deposition Testimony:

a.   Each side must prepare, exchange, and provide to the Court an itemized list of deposition testimony (with page and line references), that it intends to use in its direct case. The parties should attempt to reconcile and resolve any disputes as to admissibility between the time specified in paragraph A. 2. and trial.

b.   At the commencement of trial, the objecting party must file, in writing, a document listing its objections to the opponent's deposition material and the basis for that objection. If no objections are received, it will be deemed to be a waiver of objections to the proffered deposition testimony.

4.   Damages - Plaintiff must prepare an itemized statement of each element of special damages.

5.   Legal and Evidentiary Issues

a.   All parties should prepare a detailed statement as to issues of law involved in the case and any unusual questions relative to the admissibility of evidence, trial procedure or substantive issues. This submission should include legal authority.

b.   The Court expects the parties to raise these potential issues by the date specified in paragraph A. 2., or as soon as they become evident, so that the Court and the parties will have adequate time to consider the issues.

6.    <u>Instruction Material</u>:

a.    The plaintiff must supply the Court with two copies and all parties with one copy of its proposed charge on the substantive matters raised in the complaint, that is, the law relating to the causes of action pleaded, including damages.

b.    Each charge should be listed on a separate page with supporting authority or the source of the instruction listed at the bottom.

c.    Each charge should also contain a notation at the bottom, "Given___; Not Given___; Given in Substance___."

d.    If counsel requests "form" instructions from form books, for example, Sand, Modern Federal Jury Instructions; Devitt & Blackmar, Federal Jury Practice and Instructions, or New York Pattern Jury Instructions (PJI), it will be sufficient to list the section number and a brief description of the charge.

e.    The Court has standard general instructions that it routinely gives, but it is the burden of counsel to make specific requests for special instructions relating to, for example, evidentiary issues, limiting instructions, impeachment matters, etc.

f.    If defendant objects to plaintiff's proposed charge, or if defendant has other alternative charges to submit, they must be submitted by the day prior to commencement of the trial.

7.    The Court will set time limits for opening statements and closing arguments and it is expected that counsel will adhere to these limits.

7

8.    During evening recesses, each side will be responsible for maintaining custody of its exhibits and returning them to Court the next day (unless other arrangements are made with the Court).

9.    Counsel need not ask permission to approach a witness with an exhibit, but otherwise, questioning should be done form the lectern.

10.    Parties will bear the expense of the jury production if they settle the case after the jury arrives.

IT IS SO ORDERED.

Dated:  Rochester, New York
        May 1, 2025

ENTER:

*Charles J. Siragusa*

CHARLES J. SIRAGUSA
United States District Judge

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF NEW YORK

LEON LAGANDEAN a/k/a LEON BARNES,

<table>
<tr><td></td><td></td></tr>
<tr><td style="text-align:center">Plaintiff,</td><td style="text-align:center"><b>AMENDED</b><br><b><u>PRE-TRIAL ORDER</u></b></td></tr>
<tr><td>-vs-</td><td style="text-align:center">21-CV-6200-CJS</td></tr>
</table>

SERGEANT SCOTT D. WATERS, C.O.
CHAD BESCHLER, et al.,

Defendants.

A.    **SCHEDULE**

1.    The trial of the above-captioned case will begin on **Monday, February 9, 2026 at 9:00 a.m.** This is a day-certain trial date which will not be adjourned except for the trial of criminal cases which take precedence pursuant to 18 U.S.C. § 3161.

2.    Unless otherwise indicated, each side must provide the materials referenced in Parts B and C of this Order by **January 26, 2026 at 5:00 p.m.** to the Court and opposing counsel. Material (with the exception of exhibits) must also be submitted to the Court via electronic means in Word Perfect or Word compatible format to kathy_allen@nywd.uscourts.gov.

3.    Unless otherwise indicated, the daily court session will proceed as follows: Monday 9:00 a.m. - 12:30 p.m. (morning session); 12:30 p.m. - 1:30 p.m. (lunch); 1:30 p.m. - 4:00 p.m. (afternoon session); recess at 4:00 p.m. Tuesday, Wednesday, Thursday, and Friday: 9:00 a.m. – 1:00 p.m.

4.    Once a jury has been selected, time permitting, we will proceed directly with opening statements and the presentation of evidence.

5.    The parties are responsible for having witnesses available as needed. The Court will take witnesses out of turn to accommodate witnesses.

6.    Before the close of each day's session, counsel must advise the Court, and the opposing lawyer of those witnesses expected to be called the following day.

7.    It is expected that we will maximize jury time as much as possible. In this regard, counsel should be prepared to begin proof each day at the time the jury is scheduled to report. It is the burden of counsel to anticipate problems and notify the Court, so that time can be set aside when the jury is not present to resolve any issues.

## B.    JURY SELECTION: PROCEDURE and MATERIAL

1.    Method:

a.    Concerning jury selection, the parties should be familiar with Local Rule 47.1. The Court will use the "struck jury system" as described in Local Rule 47.1, there will be no "alternate" jurors, and all jurors selected will participate in the verdict.

b.    The Court will limit peremptory challenges as provided in Local Rule 47.1; 28 U.S.C. §1870.

c.    Plaintiff's counsel will exercise peremptory challenges first by writing the name and number of the juror on the strike sheet that will be provided. The strike sheet will then go to the defendant who will make his or her own strike by writing the name and number of a juror. The strike sheet will then come to the Court who will announce the jurors that have been excused.

2

d.    If you do not exercise a challenge during a particular round, you lose only that peremptory challenge and you may make other peremptory challenges in later rounds against anyone in the box.

2.    The Court will conduct the entire voir dire, and counsel will not be permitted to ask questions.

3.    Voir Dire Material - Each party must prepare a document entitled "Voir Dire Information" containing the following material: (Each page must be three-hole-punched for insertion into a notebook and each item of information must be on a separate sheet.)

a.    A short description of the case to be read to the jury to identify the case and the claims and defenses at issue.

b.    The full name and address of the client.  Include here the name of any corporate representative that intends to appear at trial for the client.

c.    The full name and address of counsel, including assistants.

4.    The parties shall also prepare a list of prospective witnesses that are expected to be called at trial, including adverse party witnesses.  A copy of this list must be provided to the court reporter at the commencement of trial.  Also list here witnesses that you intend to introduce by reading depositions.  Indicate that the witness will be a "deposition witness."  For proper identification to the jury and for use by the Court, this list, which must be on a separate sheet of paper, should include:

a)    The full name of the witness.

b)    The occupational association of the witness, e.g., FBI, Eastman Kodak Company, Delta Laboratories, etc.

c)    The address of the witness.

d)    A short summary statement (one or two sentences) of the general subject matter expected to be covered by the witness.

5.    A list of proposed questions you wish the Court to ask the jury on voir dire.

## C.    TRIAL PROCEDURE and MATERIAL

1.    Exhibits and Exhibit List:

a.    Each party must prepare an exhibit list containing those exhibits that the party anticipates introducing in its direct case. These lists must be prepared on forms supplied by the Clerk's Office and must contain a brief description of the proposed exhibit.

b.    All exhibits shall be denominated by numbers and letters. Plaintiff shall use numbers. Defendants shall use letters.

c.    Each exhibit must be physically tagged with the appropriate colored sticker (pink/red for plaintiff; blue for defendant and third-party defendant), and each exhibit must be physically numbered prior to commencement of trial.

d.    A complete copy of the exhibit list must be given to the court reporter at the commencement of trial.

4

e.     Parties do not have to mark for submission, pursuant to paragraph A. 2., those exhibits that may only be used on cross-examination for impeachment of a witness or to refresh the recollection of any witness.

f.     Except for good cause, the Court will not allow introduction into evidence of exhibits unless they are listed on the exhibit list submitted pursuant to paragraph A. 2.

g.     Copies of each documentary exhibit, photograph, chart or other paper must be duplicated for the adverse party and exchanged at the pre-trial conference unless the proponent certifies that the document has already been copied or exchanged during discovery, or if the document cannot be copied, that it be available for inspection.

h.     In any trial where a party marks more than fifty (50) documentary exhibits, an exhibit book must be prepared containing copies of the exhibits. This book will consist of a three-ring binder with tabs for each exhibit. The proponent must prepare a binder for each party, the Court, and a binder for use of witnesses on the stand.

2.    <u>Expert Testimony</u>:

a.     The identity of all experts that will be called as witnesses must be provided to the Court. The proponent must also provide a brief summary of the ultimate opinions that will be rendered by the expert.

b.     The testimony of experts will be limited to the opinions and the grounds for each opinion set forth in answers to expert interrogatories. See, Fed.R.Civ.P. 26(a)(2)(B). The parties are responsible for taking steps to supplement any expert interrogatories to be in full compliance with this Rule.

5

3.    Deposition Testimony:

a.    Each side must prepare, exchange, and provide to the Court an itemized list of deposition testimony (with page and line references), that it intends to use in its direct case.  The parties should attempt to reconcile and resolve any disputes as to admissibility between the time specified in paragraph A. 2. and trial.

b.    At the commencement of trial, the objecting party must file, in writing, a document listing its objections to the opponent's deposition material and the basis for that objection.  If no objections are received, it will be deemed to be a waiver of objections to the proffered deposition testimony.

4.    Damages - Plaintiff must prepare an itemized statement of each element of special damages.

5.    Legal and Evidentiary Issues

a.    All parties should prepare a detailed statement as to issues of law involved in the case and any unusual questions relative to the admissibility of evidence, trial procedure or substantive issues.  This submission should include legal authority.

b.    The Court expects the parties to raise these potential issues by the date specified in paragraph A. 2., or as soon as they become evident, so that the Court and the parties will have adequate time to consider the issues.

6.    Instruction Material:

a.    The plaintiff must supply the Court with two copies and all parties with one copy of its proposed charge on the substantive matters raised in the complaint, that is, the law relating to the causes of action pleaded, including damages.

b.    Each charge should be listed on a separate page with supporting authority or the source of the instruction listed at the bottom.

c.    Each charge should also contain a notation at the bottom, "Given___; Not Given___; Given in Substance___."

d.    If counsel requests "form" instructions from form books, for example, Sand, Modern Federal Jury Instructions; Devitt & Blackmar, Federal Jury Practice and Instructions, or New York Pattern Jury Instructions (PJI), it will be sufficient to list the section number and a brief description of the charge.

e.    The Court has standard general instructions that it routinely gives, but it is the burden of counsel to make specific requests for special instructions relating to, for example, evidentiary issues, limiting instructions, impeachment matters, etc.

f.    If defendant objects to plaintiff's proposed charge, or if defendant has other alternative charges to submit, they must be submitted by the day prior to commencement of the trial.

7.    The Court will set time limits for opening statements and closing arguments and it is expected that counsel will adhere to these limits.

8.    During evening recesses, each side will be responsible for maintaining custody of its exhibits and returning them to Court the next day (unless other arrangements are made with the Court).

9.    Counsel need not ask permission to approach a witness with an exhibit, but otherwise, questioning should be done form the lectern.

10.   Parties will bear the expense of the jury production if they settle the case after the jury arrives.

IT IS SO ORDERED.

Dated:  Rochester, New York
        October 30, 2025

                                        ENTER:

                                        _Charles Siragusa_
                                        CHARLES J. SIRAGUSA
                                        United States District Judge

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LEON LAGANDEAN a/k/a LEON BARNES,

                      Plaintiff,

           -vs-

SERGEANT SCOTT D. WATERS, C.O.
CHAD BESCHLER, et al.,

                      Defendants.

**SECOND AMENDED
PRE-TRIAL ORDER**

21-CV-6200-CJS

---

### A.    SCHEDULE

1.    The trial of the above-captioned case will begin on **Wednesday, April 22, 2026 at 9:00 a.m.**[1] This is a day-certain trial date which will not be adjourned except for the trial of criminal cases which take precedence pursuant to 18 U.S.C. § 3161.

2.    Unless otherwise indicated, each side must provide the materials referenced in Parts B and C of this Order by **April 8, 2026 at 5:00 p.m.** to the Court and opposing counsel. Material (with the exception of exhibits) must also be submitted to the Court via electronic means in Word Perfect or Word compatible format to kathy_allen@nywd.uscourts.gov.

3.    Unless otherwise indicated, the daily court session will proceed as follows: Wednesday 9:00 a.m. - 12:30 p.m. (morning session); 12:30 p.m. - 1:30 p.m. (lunch); 1:30 p.m. - 4:00 p.m. (afternoon session); recess at 4:00 p.m.; Thursday, Friday, and Monday through Friday the week of April 27, 2026, 9:00 a.m. – 1:00 p.m.

---

[1] The trial is anticipated to be completed by May 1, 2026.

4.    Once a jury has been selected, time permitting, we will proceed directly with opening statements and the presentation of evidence.

5.    The parties are responsible for having witnesses available as needed. The Court will take witnesses out of turn to accommodate witnesses.

6.    Before the close of each day's session, counsel must advise the Court, and the opposing lawyer of those witnesses expected to be called the following day.

7.    It is expected that we will maximize jury time as much as possible. In this regard, counsel should be prepared to begin proof each day at the time the jury is scheduled to report. It is the burden of counsel to anticipate problems and notify the Court, so that time can be set aside when the jury is not present to resolve any issues.

## B.    JURY SELECTION: PROCEDURE and MATERIAL

1.    Method:

a.    Concerning jury selection, the parties should be familiar with Local Rule 47.1. The Court will use the "struck jury system" as described in Local Rule 47.1, there will be no "alternate" jurors, and all jurors selected will participate in the verdict.

b.    The Court will limit peremptory challenges as provided in Local Rule 47.1; 28 U.S.C. §1870.

c.    Plaintiff's counsel will exercise peremptory challenges first by writing the name and number of the juror on the strike sheet that will be provided. The strike sheet will then go to the defendant who will make his or her own strike by writing the name

2

and number of a juror. The strike sheet will then come to the Court who will announce the jurors that have been excused.

d.      If you do not exercise a challenge during a particular round, you lose only that peremptory challenge and you may make other peremptory challenges in later rounds against anyone in the box.

2.      The Court will conduct the entire voir dire, and counsel will not be permitted to ask questions.

3.      Voir Dire Material - Each party must prepare a document entitled "Voir Dire Information" containing the following material: (Each page must be three-hole-punched for insertion into a notebook and each item of information must be on a separate sheet.)

a.      A short description of the case to be read to the jury to identify the case and the claims and defenses at issue.

b.      The full name and address of the client. Include here the name of any corporate representative that intends to appear at trial for the client.

c.      The full name and address of counsel, including assistants.

4.      The parties shall also prepare a list of prospective witnesses that are expected to be called at trial, including adverse party witnesses. A copy of this list must be provided to the court reporter at the commencement of trial. Also list here witnesses that you intend to introduce by reading depositions. Indicate that the witness will be a "deposition witness." For proper identification to the jury and for use by the Court, this list, which must be on a separate sheet of paper, should include:

3

    a)    The full name of the witness.

    b)    The occupational association of the witness, e.g., FBI, Eastman Kodak Company, Delta Laboratories, etc.

    c)    The address of the witness.

    d)    A short summary statement (one or two sentences) of the general subject matter expected to be covered by the witness.

5.    A list of proposed questions you wish the Court to ask the jury on voir dire.

## C.    TRIAL PROCEDURE and MATERIAL

1.    <u>Exhibits and Exhibit List</u>:

    a.    Each party must prepare an exhibit list containing those exhibits that the party anticipates introducing in its direct case. These lists must be prepared on forms supplied by the Clerk's Office and must contain a brief description of the proposed exhibit.

    b.    All exhibits shall be denominated by numbers and letters. Plaintiff shall use numbers. Defendants shall use letters.

    c.    Each exhibit must be physically tagged with the appropriate colored sticker (pink/red for plaintiff; blue for defendant and third-party defendant), and each exhibit must be physically numbered prior to commencement of trial.

    d.    A complete copy of the exhibit list must be given to the court reporter at the commencement of trial.

4

e.    Parties do not have to mark for submission, pursuant to paragraph A. 2., those exhibits that may only be used on cross-examination for impeachment of a witness or to refresh the recollection of any witness.

f.    Except for good cause, the Court will not allow introduction into evidence of exhibits unless they are listed on the exhibit list submitted pursuant to paragraph A. 2.

g.    Copies of each documentary exhibit, photograph, chart or other paper must be duplicated for the adverse party and exchanged at the pre-trial conference unless the proponent certifies that the document has already been copied or exchanged during discovery, or if the document cannot be copied, that it be available for inspection.

h.    In any trial where a party marks more than fifty (50) documentary exhibits, an exhibit book must be prepared containing copies of the exhibits.  This book will consist of a three-ring binder with tabs for each exhibit.  The proponent must prepare a binder for each party, the Court, and a binder for use of witnesses on the stand.

2.    Expert Testimony:

a.    The identity of all experts that will be called as witnesses must be provided to the Court.  The proponent must also provide a brief summary of the ultimate opinions that will be rendered by the expert.

b.    The testimony of experts will be limited to the opinions and the grounds for each opinion set forth in answers to expert interrogatories.  See, Fed.R.Civ.P. 26(a)(2)(B).  The parties are responsible for taking steps to supplement any expert interrogatories to be in full compliance with this Rule.

5

3.    <u>Deposition Testimony</u>:

a.    Each side must prepare, exchange, and provide to the Court an itemized list of deposition testimony (with page and line references), that it intends to use in its direct case.  The parties should attempt to reconcile and resolve any disputes as to admissibility between the time specified in paragraph A. 2. and trial.

b.    At the commencement of trial, the objecting party must file, in writing, a document listing its objections to the opponent's deposition material and the basis for that objection.  If no objections are received, it will be deemed to be a waiver of objections to the proffered deposition testimony.

4.    Damages – Plaintiff must prepare an itemized statement of each element of special damages.

5.    <u>Legal and Evidentiary Issues</u>

a.    All parties should prepare a detailed statement as to issues of law involved in the case and any unusual questions relative to the admissibility of evidence, trial procedure or substantive issues.  This submission should include legal authority.

b.    The Court expects the parties to raise these potential issues by the date specified in paragraph A. 2., or as soon as they become evident, so that the Court and the parties will have adequate time to consider the issues.

6

6.    <u>Instruction Material</u>:

a.    The plaintiff must supply the Court with two copies and all parties with one copy of its proposed charge on the substantive matters raised in the complaint, that is, the law relating to the causes of action pleaded, including damages.

b.    Each charge should be listed on a separate page with supporting authority or the source of the instruction listed at the bottom.

c.    Each charge should also contain a notation at the bottom, "Given__; Not Given__; Given in Substance__."

d.    If counsel requests "form" instructions from form books, for example, Sand, Modern Federal Jury Instructions; Devitt & Blackmar, Federal Jury Practice and Instructions, or New York Pattern Jury Instructions (PJI), it will be sufficient to list the section number and a brief description of the charge.

e.    The Court has standard general instructions that it routinely gives, but it is the burden of counsel to make specific requests for special instructions relating to, for example, evidentiary issues, limiting instructions, impeachment matters, etc.

f.    If defendant objects to plaintiff's proposed charge, or if defendant has other alternative charges to submit, they must be submitted by the day prior to commencement of the trial.

7.    The Court will set time limits for opening statements and closing arguments and it is expected that counsel will adhere to these limits.

8.      During evening recesses, each side will be responsible for maintaining custody of its exhibits and returning them to Court the next day (unless other arrangements are made with the Court).

9.      Counsel need not ask permission to approach a witness with an exhibit, but otherwise, questioning should be done form the lectern.

10.     Parties will bear the expense of the jury production if they settle the case after the jury arrives.

IT IS SO ORDERED.

Dated:  Rochester, New York
        January 20, 2026

ENTER:

CHARLES J. SIRAGUSA
United States District Judge

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LEON LAGANDEAN a/k/a LEON BARNES,

               Plaintiff,

vs.

SERGEANT SCOTT D. WATERS, C.O.
CHAD BESCHLER, et al.,

               Defendants.

ORDER SCHEDULING
PRETRIAL CONFERENCE

21-CV-6200 CJS

---

The Court will hold a pretrial conference in the above-captioned matter on July 20, 2026, accordingly

IT IS HEREBY ORDERED, that counsel and plaintiff shall be present for a pretrial conference on **July 20, 2026, at 11:00 a.m.,** at the U.S. Courthouse, 100 State Street, Rochester, New York, to discuss whether this case will proceed to trial on July 27, 2026; and it is further

ORDERED, that the defendants are to have a representative with full settlement authority available by telephone at that time; and it is further

**ORDERED, that if plaintiff fails to appear for the pretrial conference, the Court may dismiss this action with prejudice.**

IT IS SO ORDERED.

Dated:   Rochester, New York
        July 15, 2026

               ENTER:

               CHARLES J. SIRAGUSA
               United States District Judge

Case 6:21-cv-06200-CJS-MJP    Document 70    Filed 07/21/26    Page 1 of 1

# STOLL, GLICKMAN & BELLINA ᴸᴸᴾ ATTORNEYS

300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
P: (718) 852-3710
F: (718) 852-3586
www.stollglickman.com

Honorable Charles J. Siragusa                                    July 21, 2026
United States District Judge
Western District of New York
100 State St.
Rochester, NY 14614
BY ECF

                 Re:     Barnes/Lagandean v. Waters, et al.
                        21-cv-06200-CJS-MJP

Your Honor --

Plaintiff writes to update the court in reference to the above referenced matter. As of now, it appears that this case will go to trial this Monday, July 27 as the court has ordered. The undersigned will provide another update by tomorrow so the court can determine whether the pre-trial conference presently scheduled for Friday, July 24 will be needed per yesterday's conference.

In anticipation of trial, Plaintiff makes the following two requests to the court.

First, I was informed yesterday by DOCCS that Danzel Roland has just been moved to Orleans C.F. Previously, this court had issued a Writ of Habeas Corpus Ad Testificandum to Cape Vincent C.F. for his appearance at trial. I will submit a new proposed Writ under a separate docket entry for the court to sign, if it is so inclined. I am trying to set up a legal call with this witness by Friday, as my scheduled call with him at Cape Vincent was canceled because he is no longer there. I may request a court order to produce him for a legal call if the facility does not make him available.

Second, Lauren Hall-Davis, a nurse who treated plaintiff at Elmira C.F. on the day of the incident has been subpoenaed and is listed on plaintiff's witness list. She now lives in Fordland, Missouri. With defendants' consent, I request that she appear by video at the trial to avoid the expense and inconvenience with Ms. Hall-Davis of coming to Rochester to testify.

Respectfully submitted,

*Leo Glickman*

Leo Glickman
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LEON LAGANDEAN a/k/a LEON BARNES,

          Plaintiff,

vs.

          **ORDER SCHEDULING
PRETRIAL CONFERENCE**

          21-CV-6200 CJS

SERGEANT SCOTT D. WATERS, C.O.
CHAD BESCHLER, et al.,

          Defendants.

---

The Court having held a pretrial conference in the above-captioned matter on July 20, 2026, and no appearance was made by plaintiff, accordingly

IT IS HEREBY ORDERED, that counsel and plaintiff shall be present for a mandatory pretrial conference on **July 24, 2026, at 11:00 a.m.**, at the U.S. Courthouse, 100 State Street, Rochester, New York: and it is further

ORDERED, that the defendants are to have a representative with full settlement authority available by telephone at that time; and it is further

**ORDERED, that if plaintiff fails to appear for the pretrial conference, the Court will dismiss this action with prejudice.**

IT IS SO ORDERED.

Dated:   Rochester, New York
         July 20, 2026

         ENTER:

         CHARLES J. SIRAGUSA
         United States District Judge